# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

UNITED STATES OF AMERICA

vs.

MARTIN DAVID HODWALKER-MARTINEZ

**JUDGMENT IN A CRIMINAL CASE**

CASE NUMBER: 8:08-cr-69-T-30TBM
USM NUMBER: 51331-018

Defendant's Attorney: Darlene Calzon Barror, ret.

THE DEFENDANT:

X pleaded guilty to count(s) ONE of the Indictment.
_ pleaded nolo contendere to count(s) which was accepted by the court.
_ was found guilty on count(s) after a plea of not guilty.

| TITLE & SECTION | NATURE OF OFFENSE | OFFENSE ENDED | COUNT |
|---|---|---|---|
| 21 U.S.C. § 959, 963 and 960(b)(1)(B)(ii) | Conspiracy to Distribute 5 Kilograms or More of Cocaine with Intent to Import into the United States | March 28, 2007 | One |

   The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

_ The defendant has been found not guilty on count(s)
X Count(s) TWO of the Indictment is dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of any material change in economic circumstances.

Date of Imposition of Sentence: September 14, 2011

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

DATE: September 15, 2011

## IMPRISONMENT

After considering the advisory sentencing guidelines and all of the factors identified in Title 18 U.S.C. §§ 3553(a)(1)-(7), the court finds that the sentence imposed is sufficient, but not greater than necessary, to comply with the statutory purposes of sentencing.

**The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of ONE HUNDRED and THIRTY-FIVE (135) MONTHS as to Count One of the Indictment.**

__X__ The court makes the following recommendations to the Bureau of Prisons:  The defendant shall receive credit for time served since his arrest in Columbia on 12/15/08.

__X__ The defendant is remanded to the custody of the United States Marshal.
___ The defendant shall surrender to the United States Marshal for this district.

    ___ at ___ a.m./p.m. on ___.
    ___ as notified by the United States Marshal.

___ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons.

    ___ before 2 p.m. on ___.
    ___ as notified by the United States Marshal.
    ___ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____
_____

Defendant delivered on _____ to _____
___ at _____, with a certified copy of this judgment.

                                           _____
                                           United States Marshal

                                       By: _____
                                            Deputy United States Marshal

# SUPERVISED RELEASE

**Upon release from imprisonment, the defendant shall be on supervised release for a term of FIVE (5) YEARS as to Count One of the Indictment.**

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime. The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

__X__ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.

__X__ The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

__X__ The defendant shall cooperate in the collection of DNA as directed by the probation officer.

If this judgment imposes a fine or restitution it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Defendant: MARTIN DAVID HODWALKER-MARTINEZ
Case No.: 8:08-cr-69-T-30TBM

Judgment - Page 4 of 6

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall also comply with the following additional conditions of supervised release:

- X Should the defendant be deported, he shall not be allowed to re-enter the United States without the express permission of the appropriate governmental authority.

- X The defendant shall cooperate in the collection of DNA as directed by the probation officer.

- X The mandatory drug testing provisions pursuant to the Violent Crime Control Act are waived.

AO 245B (Rev 06/05) Sheet 5 - Criminal Monetary Penalties (Judgment in a Criminal Case)

| Defendant: | MARTIN DAVID HODWALKER-MARTINEZ | Judgment - Page 5 of 6 |
|---|---|---|
| Case No.: | 8:08-cr-69-T-30TBM | |

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **Fine** | **Total Restitution** |
|---|---|---|---|
| **Totals:** | $100.00 | Waived | N/A |

__ The determination of restitution is deferred until ____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

__ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| Totals: | $ | $ | |

__ Restitution amount ordered pursuant to plea agreement $ _____.

__ The defendant must pay interest on a fine or restitution of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

__ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

__ the interest requirement is waived for the ___ fine ___ restitution.

__ the interest requirement for the ___ fine ___ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for the offenses committed on or after September 13, 1994, but before April 23, 1996.

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A. **X**    Lump sum payment of $ _100.00_ due immediately, balance due

       __ not later than _____, or

       __ in accordance __ C, __ D, __ E or __ F below; or

B. __    Payment to begin immediately (may be combined with __ C, __ D, or __ F below); or

C. __    Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ days (e.g., 30 or 60 days) after the date of this judgment; or

D. __    Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____, (e.g., months or years) to commence _____ (e.g. 30 or 60 days) after release from imprisonment to a term of supervision; or

E. __    Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time, or

F. __    Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

__    Joint and Several

       Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate:

__    The defendant shall pay the cost of prosecution.

__    The defendant shall pay the following court cost(s):

**X**    The defendant shall forfeit the defendant's interest in the following property to the United States:

     The Court orders that the defendant forfeit to the United States immediately and voluntarily any and all assets previously identified in the Preliminary Order of Forfeiture, that are subject to forfeiture. Specific items to be forfeited shall include: Wachovia Bank account number 1010162743553, in the amount of $6,907.54; Wachovia Bank account number 3000019002957, in the amount of $760.49, both held in the name of Martin David Hodwalker Martinez; Desarrolla Gemma Corporation, a Panamanian corporation, RUC# 25544701403775; Martin Hodwalker M&CIA. En C, a Columbian company, NIT #802007314-9; Veranillo Dive Center Ltda., a Columbian company, NIT#802008393-5; Yamaha Veranillo Distribuidores, a Columbian company; and Yamaha Mundial Limitada, a Columbian company, NIT#900016791-2. The Preliminary Order of Forfeiture and the Final Order of Forfeiture for Wachovia Bank Accounts.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No. 8:08-cr-69-T-30TBM

MARTIN DAVID HODWALKER-MARTINEZ

**PRELIMINARY ORDER OF FORFEITURE**

THIS CAUSE comes before the Court upon the filing of the United States' Motion for entry of a Preliminary Order of Forfeiture (Doc. 76), pursuant to the provisions of 21 U.S.C. §§ 853(a), 970, and Fed. R. Crim. P. 32.2(b)(2), which, upon entry, shall become a final order of forfeiture as to defendant Martin David Hodwalker-Martinez's right, title, and interest in the following property:

1. **INDIVIDUALLY HELD U.S. ASSETS FROZEN BY OFAC**

    a. Wachovia Bank account number # 1010162743553, in the amount of $6,907.54, held in the name of Martin David Hodwalker Martinez; and

    b. Wachovia Bank account number # 3000019002957, in the amount of $760.49, held in the name of Martin David Hodwalker Martinez.

2. **FOREIGN COMPANIES OR BUSINESSES**

    a. Desarrolla Gemma Corporation, a Panamanian corporation, RUC # 25544701403775;

    b. Martin Hodwalker M & CIA. S. En C, a Colombian company, NIT # 802007314-9;

    c. Veranillo Dive Center Ltda., a Colombian company, NIT # 802008393-5;

    d. Yamaha Veranillo Distribuidores, a Colombian company; and

      e.      Yamaha Mundial Limitada, a Colombian company, NIT # 900016791-2.

Being fully advised in the premises, the Court hereby finds that the United States has established the requisite *nexus* between the offenses charged in Count One of the Indictment and the assets identified above; all of the assets constitute proceeds obtained as a result of the conspiracy to import cocaine into the United States. Accordingly, it is hereby

ORDERED, ADJUDGED AND DECREED that for good cause shown, said Motion (Doc. 76) of the United States is hereby GRANTED.

It is FURTHER ORDERED that pursuant to the provisions of 21 U.S.C. §§ 853(a), 970, and Fed. R. Crim. P. 32.2(b)(2), all right, title and interest of defendant Martin David Hodwalker-Martinez in the property referenced above, is hereby forfeited to the United States for disposition according to law.

The Court retains jurisdiction to enter any further orders necessary for the forfeiture and disposition of the property and to entertain any third party claims that may be asserted in these proceedings.

**DONE** and **ORDERED** in Tampa, Florida on December 22, 2010.

                                              JAMES S. MOODY, JR.
                                              UNITED STATES DISTRICT JUDGE

<u>Copies to:</u>
Counsel/Parties of Record

F:\Docs\2008\08-cr-69.forfeit 76.wpd

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No. 8:08-cr-69-T-30TBM

MARTIN DAVID HODWALKER-MARTINEZ

**FINAL ORDER OF FORFEITURE**
**FOR WACHOVIA BANK ACCOUNTS**

THIS CAUSE comes before the Court upon the filing of the Motion by the United States for a Final Order of Forfeiture (Doc. 90), pursuant to 21 U.S.C. § 853(n)(7) and Fed. R. Crim. P. 32.2(c)(2), for the following property:

**INDIVIDUALLY HELD U.S. ASSETS FROZEN BY OFAC**

    a.    Wachovia Bank account number # 1010162743553, in the amount of $6,907.54, held in the name of Martin David Hodwalker Martinez; and

    b.    Wachovia Bank account number # 3000019002957, in the amount of $760.49, held in the name of Martin David Hodwalker Martinez.

Being fully advised in the premises, the Court finds that on December 22, 2010, a Preliminary Order of Forfeiture was entered, forfeiting to the United States all right, title, and interest of defendant Martin Hodwalker-Martinez in the bank accounts referenced above. Doc. 77.

The Court further finds that in accordance with the provisions of 21 U.S.C. § 853(n), and Fed. R. Crim. P. 32.2(b)(6)(C), the United States published notice of the

forfeiture, and of its intent to dispose of the property, on the official government website, www.forfeiture.gov, from December 23, 2010 through January 21, 2011. Doc. 81. The publication gave notice to all third parties with a legal interest in the property to file with the Office of the Clerk, United States District Court, Middle District of Florida, Sam Gibbons Federal Courthouse, 2nd Floor, 801 North Florida Avenue, Tampa, Florida 33602, a petition to adjudicate their interest within sixty (60) days of the first date of publication.

The Court further finds that no persons or entities, other than the defendant, whose interest was forfeited to the United States in the Preliminary Order of Forfeiture, are known to have an interest in the property. No third party has filed a petition or claimed an interest in the property, and the time for filing a petition has expired.

Accordingly, it is hereby

ORDERED, ADJUDGED, and DECREED that for good cause shown, the United States' motion (Doc. 90) is GRANTED.

It is FURTHER ORDERED that pursuant to the provisions of 21 U.S.C. § 853(n)(7) and Fed. R. Crim. P. 32.2(c)(2), all right, title and interest in the property is CONDEMNED and FORFEITED to the United States for disposition according to law.

Clear title to the bank accounts is now vested in the United States of America.

**DONE** and **ORDERED** in Tampa, Florida on July 15, 2011.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies to:
Counsel/Parties of Record

F:\Docs\2008\08-cr-69.forfeit 90.wpd

3